UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TANYA WHITESIDE, Individually, : <br> : <br> Plaintiff, : <br> : Case No. 2:14-cv-03062-SRC-CLW <br> v. : <br> : <br> EMPIRE PLAZA, LLC, a New Jersey Limited : <br> Liability Company, : <br> : **ORDER** <br> Defendant. : <br> : | |

**THIS MATTER** having been brought before the Court by Alan R. Ackerman, Esq., attorney for Plaintiff, on application for an Order allowing John P. Fuller, Esq., to appear and participate <u>pro hac vice</u>; and the Court having considered the moving papers; and this matter being considered pursuant to Fed.R.Civ.P. 78, and for good cause shown;

**IT IS** on this ____day of _____ 2014,

**ORDERED** that John P. Fuller, Esq., a member of the Bar of the State of Florida, be permitted to appear pro hac vice in the above-captioned matter pursuant to L.Civ.R. 101.1(c); and it is further

**ORDERED** that, all pleadings, briefs, and other papers filed with the Court shall be signed by a member or associate of the law firm of the Law Offices of Alan R. Ackerman, attorney of record for Plaintiff who is admitted to the Bar of this Court and shall be held responsible for said papers and for the conduct of the case and who will be held responsible for the conduct of the attorney admitted hereby; and it is further

**ORDERED** that John P. Fuller, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with New Jersey Court Rule 1:28-2 within twenty (20)

days from the date of the entry of this order; and it is further

**ORDERED** that John P. Fuller, Esq., shall make payment of $150.00 to the Clerk of the United States District Court in accordance with L.Civ.R. 101.1(c)(3), as amended, within twenty (20) days from the date of the entry of this Order; and it is further

**ORDERED** that John P. Fuller, Esq., shall be bound by the Rules of the United States District Court for the District of New Jersey, including, but not limited to the provisions of L.Civ.R. 103.1, Judicial Ethics and Professional Responsibility, and L.Civ.R. 104.1, Discipline of Attorneys; and it is further

**ORDERED** that John P. Fuller, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey State Court Contingency Fee Rule, Rule 1:21-7, as amended.

_____
CATHY L. WALDOR, U.S.M.J.