UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TANYA WHITESIDE, Individually, : | |
| : | |
| Plaintiff, : | Civil Action No. 14-3062 (SRC) (CLW) |
| : | |
| v. : | **OPINION & ORDER** |
| : | |
| EMPIRE PLAZA, LLC, : | |
| : | |
| Defendant. : | |

**CHESLER**, District Judge

This matter comes before the Court on Plaintiff's appeal of Magistrate Judge Waldor's September 5, 2014 Order ("the September 5 Order") denying Plaintiff's application to admit her attorney, John P. Fuller, pro hac vice. Defendant has submitted opposition. For the reasons that follow, the Court will reverse the September 5 Order and admit Mr. Fuller pro hac vice.

**I.      Background**

Plaintiff Tanya Whiteside ("Plaintiff") is an individual with physical disabilities who brought this action against Defendant Empire Plaza ("Defendant"), the owner of a shopping center in New Jersey. Plaintiff claims that Defendant's property lacks certain accommodations that are required under the Americans with Disabilities Act ("ADA") and the New Jersey Law Against Discrimination ("NJLAD").

1

Plaintiff is represented by Alan R. Ackerman, an attorney whose law practice is based in Parsippany, New Jersey, and by John P. Fuller, an attorney primarily based in North Miami, Florida. Mr. Ackerman is a member of the New Jersey Bar; Mr. Fuller is not, but he is a member of the bar of Florida and of numerous federal jurisdictions.

On July 30, 2014, Plaintiff moved to admit Mr. Fuller pro hac vice, so that he could appear on Plaintiff's behalf in the District of New Jersey. The application provided that Mr. Fuller has extensive experiencing litigating ADA and NJLAD claims, and that he has undertaken a significant amount of work on behalf of Plaintiff in this case. Defendant opposed the application, arguing that Mr. Fuller's participation was unnecessary because Mr. Ackerman is well versed in the law and factual issues, and because additional legal counsel would only serve to increase attorneys' fees.

In the September 5 Order, United States Magistrate Judge Cathy L. Waldor denied the application. Judge Waldor acknowledged Mr. Fuller's credentials and expertise, as well as the absence of any disciplinary violations on his record. Nevertheless, in a thoughtful and diligent opinion, Judge Waldor determined that because Mr. Fuller has appeared pro hac vice in this District many times, any additional admissions would constitute an end-run around full membership to the New Jersey Bar. Judge Waldor cited a model rule drafted by the American Bar Association ("ABA"), which although is not binding, clearly cautions against "such frequent appearances as to constitute regular practice in [the] state."

Plaintiff appealed the decision. Plaintiff's counsel note that Mr. Fuller is not a witness in the case, and he is not accused of any unprofessional conduct. Defendant opposed the appeal primarily for the reasons laid out in the September 5 Order.

2

II.     Discussion

   A. Pro Hac Vice Admission

Generally, only attorneys licensed by the New Jersey Supreme Court may practice in the Federal District of New Jersey. See Local Civil Rule 101.1(b), (e). Yet an attorney who is not licensed in a jurisdiction may apply to be admitted pro hac vice, which allows the lawyer to litigate there temporarily, "for the purpose of conducting a particular case." Black's Law Dictionary (9th ed. 2009).

The District of New Jersey allows for pro hac vice admission. Specifically, Local Civil Rule 101.1(c)(1) provides that an attorney who is not licensed in New Jersey may practice in this district as follows:

> Any member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under suspension or disbarment by any court and is ineligible for admission to the bar of this Court . . . may in the discretion of the Court, on motion, be permitted to appear and participate in a particular case.

The rule further requires the attorney seeking pro hac vice admission to associate with local counsel, pay a fee to the District Court and to the New Jersey Lawyers' Fund for Client Protection, and submit to our local rules and disciplinary authority. See id.

An earlier version of the rule had provided that an attorney could only be admitted pro hac vice three times annually. In 1984, however, the District revised the rule to eliminate that limitation, and it now contains no numerical cap on the number of times an attorney may be admitted pro hac vice. Lite, N.J. Federal Practice Rules, Comment 4 to L. Civ. R. 101.1 (Gann).

3

In practice, so long as an attorney is in good standing and satisfies the rule's requirements, courts generally grant pro hac vice admission "as a matter of course." Id. A survey of recent applications demonstrates that District of New Jersey judges tend to admit attorneys pro hac vice in a range of contexts. See, e.g., Saunders v. Keller Williams Realty, 2011 U.S. Dist. LEXIS 78330 (D.N.J. July 19, 2011) (Williams, J.); Opalinksi v. Robert Half Int'l, 2011 U.S. Dist. LEXIS 28095 (D.N.J. Mar. 18, 2011) (Wigenton, J.); NAACP v. N. Hudson Reg'l Fire & Rescue, 2008 U.S. Dist. LEXIS 23492 (D.N.J. Mar. 20, 2008) (Shipp, J.).

At the same time, of course, courts may exercise discretion to deny pro hac vice admission when circumstances weigh against it. For example, courts have refused to admit attorneys who behave unprofessionally, or who are needed as witnesses. See, e.g., Nat'l Sec. Sys. v. Iola, 2009 U.S. Dist. LEXIS 103713 (D.N.J. Nov. 6, 2009) (Bongiovanni, J.) (denying admission to attorney identified as necessary witness); Kohlmayer v. Amtrak, 124 F. Supp. 2d 877, 883 (D.N.J. 2000) (Politan, J.) (providing that court may deny admission if attorney "consistently act[s] in an uncivilized manner").

**B. Application**

Applying the above principles, the Court finds that Mr. Fuller qualifies for pro hac vice admission in this case, and that no circumstances weigh against his admission.

Mr. Fuller has conformed with Rule 101.1's requirements, and his application must therefore be viewed in accordance with this District's general practice, which is to liberally admit qualifying attorneys unless a good reason exists not to. See Comment 4 to L. Civ. R. 101.1. Mr. Fuller is not a witness in this case, cf. Iola, 2009 U.S. Dist. LEXIS 103713, nor has he conducted himself in an unprofessional or uncivilized manner, cf. Kohlmayer, 124 F. Supp. 2d at 883.

Quite distinctly from any uncivilized conduct, courts have noted Mr. Fuller's expertise in representing individuals with disabilities, and his firm's extensive experience navigating this complex area of law.  See Iverson v. Braintree Prop. Assocs., 2008 U.S. Dist. LEXIS 19339, at *3 (D. Mass. Feb. 26, 2008) (noting Mr. Fuller's "considerable expertise in this important field"); Disabled Patriots of Am. v. Reserve Hotel, 659 F. Supp. 2d 877, 898 (N.D. Ohio 2009) (asserting that Mr. Fuller's law firm is "performing the public service Congress sought to incentivize" in the ADA, and that the "more cases [the firm] files and wins, the greater the public service").  ADA regulations are primarily enforced by "a small number of private plaintiffs" through suits like this one, Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1062 (9th Cir. 2007), and thus denying Mr. Fuller admission would significantly undercut "the principal means by which these crucial laws are implemented," Iverson, 2008 U.S. Dist. LEXIS 19339.

Given the legitimacy of Mr. Fuller's representation, it is unsurprising that earlier objections to his admission in this District have been rejected as lacking merit.  The Independence Project v. Old Bridge Plaza, Civil Action No. 13-2516 (Arpert, J.).  The Court is hard pressed to find any distinguishing fact between this case and those others in which Mr. Fuller has been admitted.

The only potential limitation, then, is the recognition that Mr. Fuller has appeared many times in our courts.  Under the old version of the pro hac vice rule, Mr. Fuller would have far exceeded the three appearances permitted.  Yet the District of New Jersey revised the rule in 1984 to remove that numerical cap.  See Comment 4 to L. Civ. R. 101.1.  Significantly, the District did not replace that ceiling with a higher one; it eliminated it altogether.  The rule as currently drafted does not limit the frequency with which a qualifying attorney may be admitted.

Defendant argues that Mr. Fuller should not be allowed to use the pro hac vice procedures to substitute full admission to the New Jersey Bar.  While that expresses an intuitive and understandable concern, the Court cannot endorse it here.  There are three reasons for that.

First, Mr. Fuller does not appear to actually be engaged in the general practice of law in New Jersey.  He has no office in this State; he has not solicited clients here; he has not appeared in State courts, and he has pursued only one kind of filing – those pertaining to compliance with civil rights provisions like those in the ADA.  Such a particularized practice is different from setting up shop in New Jersey and hanging out a shingle.

Second, more fundamentally, District Courts are national institutions intended to obviate concerns about provincial and local biases.  Even New Jersey's state courts – which more strictly limit pro hac vice admission under N.J. Court Rules 1:21-2(b)(3) – do not deny pro hac vice admissions based on a preference for in-state lawyers.  In N.A.A.C.P. v. State, 312 N.J. Super. 552, 558 (App. Div. 1998), the New Jersey Appellate Division reversed a lower court's denial of pro hac vice admission, noting specifically that "provincialism [] cannot be tolerated."  Similarly, the Appellate Division in L. Feriozzi Concrete v. Mellon Stuart Co., 229 N.J. Super. 366, 551 (App. Div. 1988) reversed a denial of pro hac vice admission because "the mere presence of New Jersey attorneys who could adequately have handled the matter [was] not a valid consideration."  If provincialism and adequate local lawyers are invalid reasons to deny pro hac vice in New Jersey's state courts, they certainly are also invalid in this District, a national court.

Third, even if the Court were to endorse the principle that an outside lawyer cannot appear too often in this District, that limitation could not be enforced on an ad hoc basis.  Exactly how many pro hac vice appearances would be permitted?  That which strikes one judge as an

acceptable pro hac vice admission could strike another as one-time-too-many. Such an approach would invite arbitrary results. Without a consistent, uniformly applied limit, attorneys would have no way to predict whether they would be admitted in a case, and those who were denied admission would not know how long their ineligibility would last. This District is authorized to revise its rules to implement a numerical cap if it chooses to, but that has not taken place.

In sum, the Court finds no authority under our rules for the application of a numerical limitation on pro hac vice admission. And without any other applicable limitation at issue, the Court finds no bar to Plaintiff's stated preference to retain Mr. Fuller in this action.

**III. Conclusion**

For the reasons above, the decision to deny Mr. Fuller pro hac vice admission on the basis that he has appeared too many times was erroneous. When reviewing a Magistrate Judge's non-dispositive order, a District Judge "must . . . set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a) (emphasis added); 28 U.S.C.A. § 636 (b)(1)(A). Although the September 5 Order is well reasoned and thorough, the Court is "left with the definite and firm conviction" that it is mistaken. United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Accordingly,

**IT IS** on this 24th day of October, 2014,

**ORDERED** that Plaintiff's appeal (Docket Entry 13) is **GRANTED**; and it is further

**ORDERED** that the September 5 Order (Docket Entry 12) is **REVERSED**.

  s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge